## WATSON v. PENNSYLVANIA R. CO.

### (District Court, M. D. Pennsylvania. May 22, 1916.)

### No. 783.

1. PLEADING ⟨key⟩154—AFFIDAVIT OF DEFENSE—TIME FOR FILING.

Act Pa. June 13, 1836 (P. L. 572, 578; Purd. Dig. [13th Ed.] pp. 243. 244, pars. 36, 38–40), provides that personal actions shall be commenced by summons and shall be made returnable to the first day of the next term of court. Practice Act Pa. May 14, 1915 (P. L. 485) § 12, declares that the defendant shall file an affidavit of defense to the statement of claim within 15 days from the date when the statement is served. Summons and statement of claim were served on defendant January 20th, and notice was indorsed on the statement requiring defendant to file an affidavit of defense within 15 days from service. The return day at which plaintiff was required to appear and answer was nearly a month later. *Held* that, as the latter statute did not repeal the first, the two should be construed together as requiring defendant, after he appears, to follow the Practice Act of 1915, and therefore the service of statement should be set aside.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 308; Dec. Dig. ⟨key⟩154.]

2. PROCESS ⟨key⟩152—SERVICE—DEFECT.

That a notice on the back of plaintiff's statement of claim was not signed by counsel is a defect which may be corrected.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 206; Dec. Dig. ⟨key⟩152.]

At Law. Action by William R. Watson against the Pennsylvania Railroad Company. On motion to quash service of summons and statement. Motion denied as to summons, and service of statement set aside.

Earle E. Renn, of Harrisburg, Pa., for plaintiff.

J. E. B. Cunningham and Charles H. Bergner, both of Harrisburg, Pa., for defendant.

WITMER, District Judge. The plaintiff brought this action of trespass on the 17th day of January, 1916, filing on the same day his statement of claim, whereon was indorsed a notice to defendant requiring it to file an affidavit of defense to this statement within 15 days from service. The summons and statement were served on the defendant January 20th. Thus the notice required the filing of an affidavit on February 4th, although the summons required the defendant to appear and answer the plaintiff on the fourth Monday of February; the return day, by the rules of court, being on Monday, the 28th.

The contention of the defendant is that this statement was improvidently filed, and that the attempt to require the defendant to file an affidavit of defense within 15 days after the service of the statement, and prior to the return day of the summons, is irregular. In part the contention of defendant must be affirmed. The time of filing the statement is not of so much concern to a defendant, but it is of very great importance to him when and how he is required to

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

answer. Surely, when he is summoned to appear on a day certain and there to answer, he may not also at the same time be required to answer before such day.

[1] The plaintiff was endeavoring to follow the so-called Practice Act of 1915 (P. L. 1915, p. 483), where it is required (section 12) that "the defendant shall file an affidavit of defense to the statement of claim within fifteen days from the date when the statement is served upon him." The act of June 13, 1836 (P. L. 572, 578; 1 Purdon, 243), providing that personal actions shall be commenced by summons, and shall be made returnable to the first day of the next term thereafter, is not repealed, and the former act must be so construed as to harmonize and form one sane and uniform system of procedure. It was no doubt the purpose of the makers to read it in connection with the act of 1836 and with the common-law rules of practice. The conclusion follows that it was intended that a summons should issue, and, after the defendant is thereby required to appear in court, he shall proceed as required by the act of 1915.

[2] The notice appearing on the back of plaintiff's statement was not signed by counsel. This is an omission that may be cured.

The motion to quash is denied, but the service of the statement is set aside.